Anthony Battista, Esq. (AB0783)
Christopher Christensen, Esq. (CC8172)
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
(212) 490-9100
Attorneys for Defendant
AEROFLOT RUSSIAN AIRLINES

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ROSTISLAV TUROVETS,                              :
and ZHANNA APELALOVA

                                                 :     Civil Action No.:  21-cv-5517

                              Plaintiffs,        :

                                                 :     **NOTICE OF REMOVAL**
          vs.
                                                 :
PJSC AEROFLOT – RUSSIAN AIRLINES
                                                 :
          and
                                                 :
JOHN DOE, an unknown individual intended to
be the passenger on Flight #102 who assaulted    :
Plaintiff, Rostislav Turovets
                                                 :
                              Defendants.
                                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant PJSC AEROFLOT RUSSIAN AIRLINES ("Aeroflot"), by and through its

attorneys of record, Condon & Forsyth LLP, hereby removes this action from the Supreme Court

of the State of New York, County of New York, to the United States District Court for the Southern

District of New York on the following grounds:

1.      This is a lawsuit by Rostislav Turovets and Zhanna Apelalova against Aeroflot

based on allegations that an unidentified passenger aboard Flight #102 from Moscow, Russia to

New York State on May 27, 2019 violently assaulted and battered Mr. Turovets.  Ms. Apelalova, Mr. Turovet's spouse, makes a derivative claim for loss of consortium.

2.      On May 27, 2021, the attached summons and complaint bearing Case No. 155135/2021 was filed in the Supreme Court of the State of New York for the County of New York.  True and correct copies of the summons and complaint filed in the State Court are attached hereto as Exhibit A.

3.      Aeroflot is a corporation organized and existing under the laws of the government of the Russian Federation with its principal place of business in Moscow, Russia. At all times relevant hereto, Aeroflot was and is an instrumentality of a foreign state in that it is a separate legal person, a majority of whose shares or other ownership interest is owned by the government of the Russian Federation. Therefore, Aeroflot is a "foreign state" within the meaning of 28 U.S.C. § 1603.

4.      Plaintiffs failed to properly serve Aeroflot with the summons and complaint as dictated by the Foreign Sovereign Immunities Act at 28 U.S.C. § 1602 *et seq.*  Accordingly, the time for removal as set forth in 28 U.S.C. § 1446(b) has not yet been triggered. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,  526 U.S. 344, 356 (1999) ("the so-called 'receipt rule'-starting the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service-could, as the District Court recognized, operate with notable unfairness to individuals and entities in foreign nations.").

5.      Since the above-described action is one which has been brought against a foreign state as defined by 28 U.S.C. § 1603, it is one over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1330.  As a result, the above-described action is one which may be removed

2

by Aeroflot to this Court pursuant to the provisions of 28 U.S.C. § 1441(d), which provides, in

pertinent part, that:

> Any civil action brought in State court against a foreign state as defined in section 1603 (a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending.  Upon removal the action shall be tried by the court without a jury.  Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

6.      As a separate ground for removal, this action which is one which may be removed

to this Court by Aeroflot pursuant to the provisions of 28 U.S.C. § 1441(b), in that it arises under

the Montreal Convention, formally known as the Convention for the Unification of Certain Rules

for International Carriage by Air, May 28, 1999 (entered into force on November 4, 2003),

*reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734, a treaty of the United States.  The

Montreal Convention is the successor to the Warsaw Convention, and unifies and replaces the

system of liability that derives from the Warsaw Convention.  *Ehrlich v. American Airlines, Inc.*,

360 F.3d 366, 371 (2nd Cir. 2004).

7.      According to the allegations in the complaint, plaintiff Mr. Turovets was traveling

pursuant to a contract of carriage which provided for transportation which commenced in Moscow,

Russia and had a final destination at JFK International Airport in New York State. *See* Plaintiffs'

Complaint, p. 3, para. 11, attached hereto as Exhibit A.  The United States and Russia are both

signatories to the Montreal Convention.  The transportation out of which the subject matter of this

action arose was therefore "international carriage" as defined by Article 1(2) of the Montreal

Convention.  As such, the Convention completely preempts plaintiffs' state law claims and

exclusively governs the rights and liabilities of the parties to this action.  Montreal Convention,

3

Art. 29; *Paradis v. Ghana Airways Ltd*., 348 F.Supp.2d 106, 114 (S.D.N.Y. 2004); s*ee El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999) (Warsaw Convention).  Accordingly, the underlying action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1331, as the action arises under a treaty of the United States, namely the Montreal Convention.

8.    The Montreal Convention is applicable to all "international carriage of persons, baggage or goods performed by aircraft for reward."  Montreal Convention, Art. 1(1); *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366 (2nd Cir. 2004).

9.    As a third separate ground for removal, this is a civil action over which this Court also has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Aeroflot pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.

10.    Aeroflot is informed and believes that plaintiffs Rostislav Turovets and Zhanna Apelalova are  citizens of the United States and residents of the State of Pennsylvania.

11.    Aeroflot is not now and never has been a resident or citizen of the State of Pennsylvania.  Aeroflot is now and at all times relevant to this action was a corporation organized and existing under the laws of the Russian Federation, with its principal place of business located in Moscow, Russia.

12.    The defendant identified as John Doe in plaintiffs' complaint is a fictitious party against whom no cause of action can be validly alleged.  To the best of Aeroflot's information and

4

belief, no fictitiously designated defendant has been served with process.  The citizenship of defendants sued under fictitious names, therefore, must be disregarded.  28 U.S.C. § 1441(a).

13.     Upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

14.     Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332, as there is complete diversity of citizenship among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

WHEREFORE, defendant Aeroflot Russian Airlines prays that the above-entitled action now pending in the Supreme Court of the State of New York, County of New York, be removed to this Court.

Dated:  New York, New York
        June 23, 2021

CONDON & FORSYTH LLP

By: _____

Anthony Battista, Esq. (AB0783)
abattista@condonlaw.com
Christopher Christensen, Esq. (CC8172)
cchristensen@condonlaw.com
Times Square Tower
7 Times Square, 18th Floor
New York, New York 10036
Telephone:  212.490.9100

*Attorney(s) for Defendant*
PJSC AEROFLOT – RUSSIAN AIRLINES

5

## <u>CERTIFICATION OF SERVICE</u>

I certify that a copy of this **NOTICE OF REMOVAL** was served via the court's electronic

filing system upon the following counsel of record on the 23rd day of June, 2021:


Marina Kats, Esq.
Kats, Jamison & Associates
1 Bustleton Pike
Feasterville, PA 19053
Phone:  (215) 396-9001

*Attorney for Plaintiffs*
Rostislav Turovets and Zhanna Apelalova

_____
          Anthony U. Battista



Sworn to before me this
23rd day of June, 2021

_____
Notary Public

```
ZOILA CEDENO
Notary Public, State of New York
No. 01CE5004983
Qualified in Queens County
Commission Expires March 6, 2023
```

6