# EXHIBIT A

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF NEW YORK | Index No:<br>Date Purchased<br>**SUMMONS** |
| ROSTISLAV TUROVETS<br>and ZHANNA APELALOVA | Plaintiffs designate New York<br>County as the place of trial |
| Plaintiffs,<br>v.<br>PJSC AEROFLOT – RUSSIAN AIRLINES<br>And<br>JOHN DOE, an unknown individual intended<br>to be the passenger on Flight #102 who assaulted<br>Plaintiff, Rostislav Turovets<br>Defendant. | The basis of venue is; that<br>Defendant, Aeroflot Russian<br>Airlines' Business address<br>Defendant, Aeroflot Russian<br>Airlines' Business address<br>is 358 5th Avenue, #1103<br>New York, NY 10001<br>County of New York |

**TO THE ABOVE-NAMED DEFENDANTS:**

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner, In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

KATS, JAMISON & ASSOCIATES

*Marina Kats*

MARINA KATS, ESQUIRE
Attorney for Plaintiffs
1 Bustleton Pike
Feasterville, PA 19053
(215) 396-9001

Dated: May 26, 2021

**TO:**
**PJSC AEROFLOT – RUSSIAN AIRLINES**
**358 5th Avenue, #1103**
**New York, NY 10001**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No:
Date Purchased

ROSTISLAV TUROVETS
and ZHANNA APELALOVA

**VERIFIED COMPLAINT**

      Plaintiffs,

PJSC AEROFLOT – RUSSIAN AIRLINES

      v.

      and

JOHN DOE, an unknown individual intended
to be the passenger on Flight #102 who assaulted
Plaintiff, Rostislav Turovets
      Defendants.

Plaintiff, by and through his undersigned counsel, complaining of the Defendants, respectfully alleges, upon information and belief:

**PARTIES, JURISDICTION AND VENUE**

1. At all times relevant hereto, and on May 27, 2019, Plaintiffs were and still are residents of the Commonwealth of Pennsylvania, residing at 23 Standing Tree Circle, Holland, PA 18966.

2. At all times relevant hereto Plaintiffs were and still are husband and wife.

3. Defendant, PJSC Aeroflot – Russian Airlines was and still is a corporation or other business entity authorized to do business in the State of New York, having offices at 358 5th Avenue, #1103, New York, NY 10001. ("Aeroflot")

4. Defendant, John Doe, is a person whose true identity is to Plaintiff, who together with named Defendant contributed to causing the harms, losses and damages described in this Complaint. Plaintiff will amend his Complaint when the true identity of that Defendant becomes known. Defendant, John Doe is intended to be the passenger on Flight #102 from Moscow, Russia

2

to New York State on May 27, 2019 who violently assaulted and battered Plaintiff as more fully set forth below.

5. At all times relevant hereto, and on May 27, 2019, upon information and belief, Defendant, Aeroflot was engaged in the business of providing air travel of all kinds including from Moscow, Russia to the State of New York, United States of America.

6. At all times relevant hereto, and on May 27, 2019, upon information and belief, Defendant, Aeroflot and Defendant, John Doe, committed tortious acts causing injury to Plaintiff during Flight #102 from Moscow, Russia to the State of New York, United States of America.

7. At all materials times, each of the Defendants were either joint tortfeasors with other Defendants, were concurrently or jointly and severally liable and/or otherwise derivatively or vicariously liable for the events described herein, which caused Plaintiff's injuries and damages described in this Complaint.

8. Jurisdiction and venue are proper as Defendant, Aeroflot maintains an office within the County of New York, New York State, and Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

9. This action falls within one or more of the exceptions set forth in CPLR §1602.

## GENERAL ALLEGATIONS

10. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-9 inclusive as if more fully set forth herein.

11. On or about May 27, 2019, Plaintiff, Rostislav Turovets was a passenger on Defendant, Aeroflot s Flight #102, which departed Moscow, Russia and was landed at JFK International Airport in New York State.

12. On the date aforesaid, Defendant, John Doe was also a passenger on Defendant, Aeroflot's Flight #102 which departed Moscow, Russia and was to land at JFK International Airport in New York State.

3

13. On the date aforesaid, Defendant, Aeroflot by and through its employees, negligently served an excessive number of alcoholic beverages to Defendant, John Doe over the course of several hours

14. Defendant, Aeroflot by and through its employees, knew or should have known that Defendant, John Doe was intoxicated and presented an unreasonable danger to other passengers on Flight #102 and yet continued to serve Defendant, John Doe while he was already visibly intoxicated.

15. Defendant, John Doe, after having been served alcoholic beverages while visibly intoxicated, did become violent and, without just cause or provocation, intentionally and violently struck Plaintiff, Rostislav Turovets about his person.

16. By reason of the foregoing, Plaintiff sustained severe and permanent personal injuries, and Plaintiff was otherwise damaged, including, but not limited to economic loss.

**COUNT ONE – INTERNATIONAL DRAM SHOP
PLAINTIFF, ROSTISLAV TUROVETS
v.
DEFENDANT, AEROFLOT RUSSIAN AIRLINES**

17. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-16 inclusive as if more fully set forth herein.

18. At all relevant times, Defendant, Aeroflot owed a duty to Plaintiff to comply with all applicable statutes, regulations and rules related to serving obviously intoxicated passengers and its liability therefore.

19. Defendant, Aeroflot breached this duty when it failed to comply with such statutes, regulations and rules against serving obviously intoxicated passengers, as required by 14 C.F.R. § 121.575 and its liability therefore pursuant to the Article 17 of the "The Unification of Certain Rules for International Carriage by Air", more commonly known as The Montreal Convention.

4

20. Plaintiff, Rostislav Turovets was within the class of persons whom the above-referenced regulations and Rules.

21. Defendant, Aeroflot failure to comply with the above-referenced statute created the circumstances under which Plaintiff, Rostislav Turovets was violently assaulted and battered by Defendant, John Doe as described above which the law was designed to protect.

22. Defendant's failure to comply with the above-referenced statutes was the direct and proximate cause of Plaintiff, Rostislav Turovets's injuries and thus constitutes negligence per se.

### COUNT TWO – DRAM SHOP NEGLIGENCE
### PLAINTIFF, ROSTISLAV TUROVETS
### v.
### DEFENDANT, AEROFLOT RUSSIAN AIRLINES

23. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-22 inclusive as if more fully set forth herein.

24. Defendant, Aeroflot sold alcoholic beverages to Defendant, John Doe at a time when it knew, or in the exercise of reasonable care should have known, that Defendant, John Doe was intoxicated.

25. Defendant, Aeroflot's sale of alcoholic beverages to Defendant, John Doe under such conditions was negligent and the proximate cause of Defendant, John Doe's intoxication.

26. The negligence of Defendant, Aeroflot was a proximate cause of Plaintiff, Rostislav Turovets's injuries.

### COUNT THREE – NEGLIGENT HIRING AND RETENTION
### PLAINTIFF, ROSTISLAV TUROVETS
### v.
### DEFENDANT, AEROFLOT RUSSIAN AIRLINES

5

27. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-26 inclusive as if more fully set forth herein.

28. Defendant, Aeroflot owed Plaintiff, Rostislav Turovets a duty to exercise reasonable care in the hiring, retention and supervision of its agents, servants and/or employees.

29. Defendant breached its duty when by failing to exercise due care in the hiring, training, retention and supervision of its flight attendants.

30. Defendant, Aeroflot knew or should have known of the danger of serving alcohol to intoxicated persons and its need to adequately protect the public from such intoxicated persons by proper hiring, training, retention and supervision of its agents, servants and/or employees.

31. As the proximate and foreseeable consequence of Defendant, Aeroflot's negligent acts, which includes the acts of its agents, servants and/or employees, in failing to prevent the intoxication and subsequent violent acts of Defendant, John Doe, Defendant, Aeroflot contributed to the injuries sustained by Plaintiff, Rostislav Turovets and his resultant damages.

<u>**COUNT FOUR – ASSAULT AND BATTERY**</u>
**PLAINTIFF, ROSTISLAV TUROVETS**
**v.**
**DEFENDANT, JOHN DOE**

32. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-31 inclusive as if more fully set forth herein.

33. Defendant, John Doe inflicted unwanted, violent touching and other offensive physical contact, upon the person of Plaintiff, Rostislav Turovets, exposed him to other offensive conduct, and placed him in immediate fear of receiving such touching and physical contact.

34. As a direct and proximate result of these attacks and threats of attacks, Plaintiff, Rostislav Turovets was caused to suffer bodily injury and extreme emotional trauma.

35. Defendant, John Doe intentionally assaulted and battered Plaintiff, Rostislav Turovets causing him to endure physical injury and harm, as well as humiliation, shame, fear, anxiety, and extreme emotional distress.

### COUNT FIVE – LOSS OF CONSORTIUM
### PLAINTIFF, ZHANNA APELALOVA
### v.
### DEFENDANTS

36. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-35 inclusive as if more fully set forth herein.

37. Solely as a result of the tortious conduct of the Defendants, Plaintiff, Zhanna Apelalova has been deprived of the assistance, companionship, society and consortium of her husband, Plaintiff, Rostislav Turovets, injured as aforesaid.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually and/or jointly and severally, for compensatory, incidental, consequential and punitive damages, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

 

KATS, JAMISON & ASSOCIATES

*Marina Kats*
_____
MARINA KATS, ESQUIRE
Attorney for Plaintiffs
1 Bustleton Pike
Feasterville, PA 19053
(215) 396-9001

Dated: May 26, 2021

### VERIFICATION

**MARINA KATS, ESQUIRE**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury. I am an attorney at the law firm of Kats, Jamison & Associates, attorneys of record for Plaintiff. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because the Plaintiff is not presently in the county wherein I maintain my offices.

                                                 **KATS, JAMISON & ASSOCIATES**

_/s/ Marina Kats_
MARINA KATS, ESQUIRE
Attorney for Plaintiffs
1 Bustleton Pike
Feasterville, PA 19053
(215) 396-9001

Dated: May 26, 2021